HENRY A. STUDWELL AND OTHERS, APPELLANTS, *v.* THE CHARTER OAK LIFE INSURANCE COMPANY, RESPONDENT.

*Action on a policy of insurance — answer setting up a false statement in the application therefor — particularity required in.*

APPEAL from an order denying an application to make the answer more definite and certain.

This action was upon a policy of life insurance. The answer set up various violations of the conditions contained in the policy, and by the second defence alleged that the agreement was not correctly set forth, and asked that the policy might be reformed so as to give effect to the intention of both parties, as expressed in the said second answer.

The answer contained among others the following averments:

That the application referred to in said policy was the application of Lucretia A. Studwell, and was filed in the office of the defendant. That the following questions were contained in said application :

" 10. Have her parents, uncles or aunts (noting whether paternal or maternal), brothers or sisters been afflicted with consumption, scrofula, rheumatism, gout, insanity, or any hereditary disease ? "

To which questions the said Lucretia A. Studwell answered " no ;" which answer defendant alleges it is informed and believes was false and made with the fraudulent intention of deceiving the defendant, and of obtaining the policy from it by fraud.

The court at General Term said : " It will be seen that the answer gives no information to the plaintiffs of the particular violation complained of and leaves it all in doubt and uncertainty.

" We see no reason why the answer should not be as particular, in respect of such violation, as the complaint should be if similar violations were complained of in that form.

" We think it is the duty of the pleader, in presenting such an answer, to state particularly the violation which is set up as a defence. For example, whether the parent was afflicted with consumption or scrofula, rheumatism, gout or insanity, or some hereditary disease, and not to class these all together, and therefore put the plaintiff to the necessity of preparing to show, by evidence, that no one of these numerous diseases existed in the family. Without any more detailed statement of our views upon this subject, it is necessary only to say, that we think that the motion should have been granted, except as to the second defence, which should be permitted to stand."

*W. C. Beecher*, for the appellants. *Charles B. Alexander*, for the respondent.

Opinion *Per Curiam*.

Present — BRADY, P. J., INGALLS and DANIELS, JJ.

Order reversed as to all the answers except the second, and as to the second, affirmed without costs to either party.